WILLIAM W. PRICE v. THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1. Where plaintiff sues in trespass instead of in case the mistake is amendable under the 46th section of the act of 1855, *Nix. Dig.* 670.*

1. The plaintiff's horses, having escaped from his pasture field, and being upon the defendants' road, were run over and killed by a passenger train of cars running at ordinary speed, and without any intent on the part of defendants to injure the horses; the plaintiff is not entitled to recover damages.

In case. On motion for new trial.

The plaintiff claims damages of defendants for the loss of two horses run over and killed by the defendants' locomotive and passenger train, the horses having escaped from plaintiff's enclosure, and being at the time on the road of the defendants. The jury on the trial gave a verdict against the defendants for $600 damages.

A rule to show cause why the verdict should not be set aside was granted, and argued before the CHIEF JUSTICE, and Justices ELMER, VREDENBURGH, and BEDLE.

For the rule, *John P. Jackson.*

Contra, *Parker & Keasbey.*

The opinion of the court was delivered by

VREDENBURGH, J. This was an action of trespass, brought to recover damages for the defendants running over and killing, with one of their passenger trains, a pair of horses belonging to the plaintiff, on the 4th of November, 1856.

The first reason assigned for a new trial is, that the action is misconceived; that it ought to be case, and not trespass. However this might have been formerly, it is now amendable under the 46th section of the act of 1855, *Nix. Dig.* 670.*

* *Rev.*, p. 869, § 138.

Price v. The New Jersey Railroad and Transportation Co.

It is a question of the merest form. It is only whether the proceeding shall be called by the name of trespass or case.

The important question is, whether, under the proof, the plaintiff was entitled to a verdict.

It appears by the case, that the plaintiff's horses escaped from his pasture over his fence and got upon the track of the defendants, and while there, the train came along and ran over and killed them. The train had a legal right to be where it was and run as it did. The defendants, at the time, were in the strict execution of their legal duties, and the proper exercise of their corporate powers. The horses were on the property of the defendants, in the absence of their owner, obstructing the defendants in the lawful enjoyment of their franchises. The horses were there for no purpose of passing over the railroad; they were not even at any crossing; they were trespassing at the time of the injury, in nobody's care. The train was a passenger train, and coming along at its usual rate of speed at that place. The horses were there not only at the risk of throwing the engine off the track, but of killing or maiming the engineer and all the passengers upon the train; and if any such result had actually happened, the owner of the horses would probably, for his carelessness in not keeping his property on his own premises, have been liable in damages sustained, as well as indictable for manslaughter, if any of the passengers had been killed. It is the common law duty of all persons to keep their own property on their own land, and pre-eminently so when they adjoin upon a public road, and especially upon a railroad highway. The first duty of the engineer is to the safety of the passengers; all other considerations yield to that. For their sake, he is to avoid all sources of danger by collision, whether with horses or cattle, or anything else. His next duty is to avoid all collisions endangering the life of others not upon the train. But as regards animals, permitted by their owner to trespass upon the track, and interfering with passage of trains, the engineer has no relations to them, except not to come in collision with them by intent.

If he should exercise or manage his train for the purpose, or with the intent to injure them, he would become responsible for damages, but not otherwise. Here there is no pretence that the engineer increased the speed of his train, or otherwise managed it with the intent to injure these horses, and every presumption is against any such inference. The most that can be inferred, taking the evidence of the plaintiff as all true, is, that he might, by possibility, have avoided the collision. That is a question that the passengers, if injured, might have raised, but not the owner of stray animals. Every principle of public safety requires that the owners of cattle should be held to a strict care of their animals, as their careless guarding of a single animal may kill or maim a hundred human beings. I am of opinion that the facts show that the plaintiff is not entitled to recover.

Verdict set aside.